UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | EDCV 19-1292 JVS (KKx) |
| Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss and/or Strike</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Stater Brothers Markets, Inc. ("Stater Bros.") filed a motion to dismiss and/or strike Plaintiff Josefina Gillette's ("Gillette's") First Amended Complaint ("FAC"). (Mot., Dkt. No. 11-1.) Gillette opposed the motion. (Opp'n, Dkt. No. 15.) Stater Bros. replied. (Reply, Dkt. No. 16.)

For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

## I. BACKGROUND

The following facts are alleged in Gillette's FAC. Gillette is a Latina and an adherent of the Messianic Jewish faith. (FAC, Docket No. 11-1, Ex. B, ¶ 3.) Gillette alleges that she was "harassed because of her gender," assaulted, and "denied medical care" by her co-workers at the Yucaipa Boulevard supermarket, where she worked as a general merchandise clerk. (<u>Id.</u> ¶¶ 11, 14.) She claims that she had to seek psychiatric help because of these incidents. (<u>Id.</u> ¶ 12.)

On or about July 3 or 4, 2008, a fellow store employee "shoved a pallet jack against [Gillette] on the wall of the dock." (<u>Id.</u> ¶ 13.) Despite that injury, Gillette "was forced to pick up pallets, and her back went out on her." (<u>Id.</u>) She was "denied medical care again." (<u>Id.</u>) Gillette made a police report to the Redlands Police Department concerning this incident on July 5, 2008. (<u>Id.</u>)

In August 2008, Gillette was transferred to another grocery store. (<u>Id.</u> ¶ 14.) She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

requested time to attend religious services, but those requests were denied. (Id.)

On April 27, 2015, Gillette was given a "Notice of Indefinite Suspension." (Id. ¶ 19.) That same year, the Assistant Manager of the grocery store questioned why Gillette was taking time off for religious services. (Id. ¶ 20.) Gillette also reported the grocery store to the County Health Department for food violations. (Id. ¶ 21.) Gillette sought psychiatric help "for the stress from her discrimination problems." (Id. ¶ 23.) She obtained a letter from her therapist stating that she suffered from post-traumatic stress disorder. (Id. ¶ 24.) She also obtained a letter recommending that she not work on Saturdays, for religious reasons. (Id. ¶ 26.)

Gillette met with Stater Bros.' "Director of Diversity" who refused to give Gillette all Saturdays off. (Id. ¶ 27.) Gillette was suspended again for "talking about God to another employee." (Id.) Gillette submitted a letter from her Pastor stating what holy days she observes. (Id. ¶ 29.)

In March 2016, Gillette had jaw surgery. (Id. ¶ 28.) She claims that Stater Bros. managers "berated, badgered, and belittled" her about why she needed the surgery. (Id.)

Gillette also submitted a letter from her doctor stating that she is not supposed to lift more than 35 pounds. (Id. ¶ 30.) She claims she was still required to lit objects over 35 pounds. (Id. ¶ 32.)

Gillette claims her hours were cut and her schedule changed in retaliation. (Id.)

Further, Gillette claims that colleagues and her supervisor called her names, demonstrating a "racial animus" against her, and "race and her Latina heritage were part of the reasons why [she] was mistreated at work." (Id. ¶ 48.)

In 2016, Gillette filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). (Id. ¶ 39.) She obtained a right to sue ("RTS") letter on June 10, 2016. (Id.) She alleges that DFEH filed her amended complaint on June 21, 2017. (Id.)

Gillette's FAC asserts twelve causes of action against Stater Bros. for: (1) Violation of the Fair Employment and Housing Act (FEHA); (2) Violation of 42 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1292 JVS (KKx)                              Date  September 23, 2019

Title  Josefina Gillette v. Stater Bros. Markets, Inc.

1981; (3) Violation of California Civil Code § 51.7 (the Ralph Act); (4) Violation of California Civil Code § 52.1 (the Tom Bane Civil Rights Act); (5) Violation of California Civil Code § 54 (the Disabled Persons Act); (6) Intentional Infliction of Emotional Distress; (7) Violation of Labor Code § 227.3 (vacation time not paid); (8) Violation of Labor Code § 510 (overtime not paid); (9) Conversion; (10) Theft Under False Pretenses; (11) Quantum Meruit; and (12) Violation of California Business & Professions Code § 17200, et seq.  (Docket No. 11-1, Ex. B.)

　　　　Stater Bros. filed a notice of removal from the San Bernardino Superior Court on July 12, 2019.  (Docket No. 1.)  Stater Bros. argues that it was a party to a collective bargaining agreement ("CBA") with the United Food & Commercial Workers International Union ("Union"), which governed the terms and conditions of Gillette's employment.  (Mot. at 9.)  Stater Bros. argues that Gillette's seventh and eighth causes of action necessarily involve interpreting the CBA, and are thus preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). (Id. at 8.)

　　**Bros.' Request for Judicial Notice**

　　　　Stater Bros. filed a request for judicial notice ("RJN") in support of its Motion to Dismiss and/or Strike.  (Docket No. 12.)[1]  The RJN includes three CBAs: (1) the CBA between Stater Bros. and the Union, effective March 7, 2011 to March 2, 2014, which governs the employment of the non-exempt clerk employees in the Yucaipa Boulevard Supermarket location, including Gillette (Docket No. 11-5, Munoz Decl., Ex. 1), (2) the CBA between Stater Bros. and the Union, effective March 3, 2014 to March 6, 2016, which governs the employment of the non-exempt clerk employees in the Yucaipa Boulevard Supermarket location, including Gillette (Id., Ex. 2); and (3) the CBA between Stater Bros. and the Union, effective March 7, 2016 to March 3, 2019, which governs the employment of the non-exempt clerk employees in the Yucaipa Boulevard Supermarket

---

[1] The Court takes judicial notice of the documents in RJN pursuant to Fed. R. Evid. 201.  The documents contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Although the documents are not physically attached to the complaint, they may still be considered because their authenticity is not contested and the FAC necessarily relies upon them.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

location, including Gillette (Id., Ex. 3.)

Stater Bros. argues that because Gillette's FAC makes direct reference to the CBA (see FAC ¶ 82), these agreements are incorporated by reference and properly considered with its Motion. (RJN at 4.)

## II. Legal Standard

### A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### B. Motion to Strike

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal.2002)).

### III.  DISCUSSION

**A.      The Court's Jurisdiction**

Stater Bros. removed this action to federal court based on federal question jurisdiction. (See Docket No. 1 at 4.) Stater Bros. argues that two of Gillette's claims are preempted by the LMRA. (Id. at 12-16.) Gillette maintains that the Court lacks jurisdiction over the case, that the Court should deny the Motion, and that the case should be remanded to the San Bernardino Superior Court because she asserted her causes of action under California law, and there is not complete preemption under 29 U.S.C., §185(a). (Opp'n at 1.)

The Court disagrees, as explained below in the discussion of Gillette's seventh and eighth causes of action.

**B.      Motion to Dismiss**

Stater Bros. argues that Gillette's first cause of action is barred by the applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

statute of limitations, that her seventh and eighth causes of action are preempted by Section 301 of the LMRA, and that her ninth cause of action makes an inappropriate claim that unpaid wages give rise to conversion. (Mot. at 8.) The rest of Gillette's causes of action, Stater Bros. argues, do not comply with Federal Rules of Civil Procedure Rule 8 and applicable law. (Id.)

**First Cause of Action: Statute of Limitations**

Stater Bros. argues that Gillette's cause of action for violations of FEHA is barred by the applicable statute of limitations. (Mot. at 17.)

Gillette filed a Complaint with DFEH and obtained a RTS letter on June 10, 2016. (FAC ¶ 39). But, she did not file her Complaint in the San Bernardino Superior Court until June 21, 2017, over one year later.

Gillette argues that the continuing violation doctrine extended the one-year statute of limitation. Richards v. CH2M Hill, Inc., 26 Cal. 4th 798, 811-24 (2001). Gillette cites to various cases describing the doctrine but not to any specific allegations in her FAC that establish the doctrine's applicability to this case. (Opp'n at 10-13.) Indeed, Gillette merely alleges in her FAC that "Plaintiff still suffered similar acts of discrimination, as alleged above, that has continued to occur, even during the period between June 10 and June 21, 2016, that Plaintiff's action should be and is in fact timely." (FAC ¶ 39). This allegation is not enough to satisfy the doctrinal requirement that continuing violations are "sufficiently similar in kind," and "have occurred with reasonable frequency." Richards, 26 Cal.4th at 823.

Gillette also argues that because she "dual-filed her Charge with both DFEH and EEOC," the one-year statute of limitations was tolled. (Opp'n at 13-14.) But, Gillette provides no evidence that DFEH deferred its investigation to the EEOC and issued a RTS letter upon the deferral or that Gillette requested and the EEOC agreed to perform a "substantial weight review" of DFEH's determination. Cal. Gov. Code § 12965(d), (e). Gillette simply failed to demonstrate that she followed the required process for tolling to apply.

Thus, the Court dismisses Gillette's first cause of action, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

**Seventh and Eighth Causes of Action:  LMRA Preemption**

Gillette's seventh cause of action alleges that Stater Bros. violated Labor Code § 227.3 by failing to pay her vacation time.  Her eighth cause of action is that Stater Bros. violated Labor Code § 510 by failing to pay her overtime.

      1. The Complete Preemption Doctrine

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Balcorta v. Twentieth Century–Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). However, pursuant to the "complete preemption" doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  The complete preemption doctrine is "a narrow exception" to the well-pleaded complaint rule and only applies in "a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Holman v. Laulo–Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993).  "The complete preemption doctrine is sometimes implicated in cases raising claims preempted by § 301 of the LMRA." Castillo v. Long Beach Mem'l Med. Ctr., 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citations omitted).

      2. LMRA Section 301(a) Preemption

Section 301(a) of the LMRA gives federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a); see also Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 23 (1983).

Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes."  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-1292 JVS (KKx)      Date September 23, 2019

Title     Josefina Gillette v. Stater Bros. Markets, Inc.

     Courts have applied the preemptive effect of § 301 beyond suits alleging the violation of a collective bargaining agreement in order to further the goal of uniform interpretation of labor contracts. See, e.g, Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 210–11 (1985). Therefore, courts find that a state law claim is preempted if it is so "inextricably intertwined" with the terms of a labor contract that its resolution will require judicial interpretation of those terms. Id. at 213 (finding that § 301 preempted a claim for breach of the duty of good faith and fair dealing because the court needed to assess "good faith" and "fair dealing" in relation to the contractual obligations).

     However, § 301 does not preempt a claim that seeks to vindicate "nonnegotiable state-law rights ... independent of any right established by contract ...." Id. Thus, if a contract cannot waive or alter a state law, and if the rights the state law creates can be enforced without considering the contract's terms, § 301 does not preempt the claim. See Miller v. AT & T Network Systems, 850 F.2d 543, 546 (9th Cir. 1988). "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc), cert. denied, 534 U.S. 1078 (2002).

     In addition, a defendant cannot invoke preemption by only alleging a "hypothetical connection between the claim and the terms of the CBA," or a "creative linkage" between the subject matter of the suit and the wording of the CBA. Id. at 691–92. To prevail, "the proffered interpretation argument must reach a reasonable level of credibility." Id. at 692. A preemption argument is not credible "simply because the court may have to consult the CBA to evaluate [a plaintiff's claim]; [similarly,] 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)).

     In Cramer, the Ninth Circuit clarified the scope of the LMRA's preemptive effect:

> To the extent our prior cases held or implied that preemption was proper because of the mere possibility that the subject matter of the claim was a proper subject of the collective bargaining process, whether or not specifically discussed in the CBA, we today hold such statements to be an incorrect articulation of § 301 preemption principles. A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

Id. at 693; see also Humble v. Boeing Co., 305 F.3d 1004, 1007–08 (9th Cir. 2002) (stating that Cramer "revised [the] framework for analyzing § 301 preemption and synthesized the considerations involved").

To determine whether a cause of action is preempted by the LMRA, a court needs to use a two-part test established by the Ninth Circuit. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, a court needs to determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and ... analysis ends ...." However, if "the right exists independently of the CBA, [a court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." Id. at 1059–60 (internal quotations and citations omitted).

      a.    Gillette's claims involve rights that exist solely as a result of the CBA

Gillette maintains that her seventh and eighth causes of action arise entirely out of state law, not the CBA. (Opp'n at 1.)

Gillette's seventh cause of action alleges that Stater Bros. "had a collective bargaining agreement requiring that [she] receive paid vacation time." (FAC ¶ 82.) Gillette alleges that Stater Bros. "made [her] work during her vacation time in 2017, but did not pay her vacation time, nor paid her at the vacation rate she was required to be paid while employed by Defendants." (Id. ¶ 83). Gillette seeks compensation for the periods when she was not paid for her vacation time. (Id. ¶ 84).

But, the CBAs specifically outline arrangements for vacation day pro rata payments. (Munoz Decl., Exs. 2, 3, Article VIII(§M)). And, the documents address the pay-out of vacation pay upon termination of employment. (Id., Article VIII(§D)). Finally, the CBAs state that no "extra pay" may be received for work during the period, unless those provisions were waived, by mutual agreement. (Id. Article VIII(§I)).

Importantly, California Labor Code Sections 201-204 do not apply if a collective bargaining agreement provides for different pay arrangements. Cal. Lab. Code § 204(c). Thus, the Court is persuaded by Stater Bros.' argument that the legality of its alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

failure to pay vacation falls under the purview of the CBA, not the California Labor Code.

Gillette's eighth cause of action alleges that when she worked for Stater Bros., it "did not pay her any overtime during her employment, especially when [it] wanted her to work on Sundays at the Sunday rate." (Id. ¶ 86). She seeks compensation "for the times she was not paid for her overtime," in violation of California Labor Code § 510. (Id. ¶ 87).

The CBA similarly specifically addressed overtime pay arrangements. (Munoz Decl., Exs. 1, 2, 3, Article V§§ F-H, Q, VI §§ B-C.) Thus, any questions about Stater Bros.' failure to pay overtime fall under the purview of the CBA, not California Labor Code, which specifies that its provisions do not apply to employees covered by valid CBAs. Cal. Lab. Code § 514.

Because these vacation pay and overtime rights exists solely as a result of the CBA, these two claims are preempted, and no further analysis is required. Burnside, 491 F.3d at 1059–60. The Court dismisses Gillette's seventh and eighth causes of action on this basis, without leave to amend.

**Ninth Cause of Action: Conversion**

Gillette's ninth cause of action, for conversion, is based on allegations in her FAC that Stater Bros. took pay she was owed and converted it for its own use. (FAC ¶ 89).

Stater Bros. argues that this claim is based on an alleged violation of the California Labor Code, which provides the "exclusive statutory remedy" here. (Mot at 18.) Stater Bros. argues this claim should therefore be dismissed because it is based on Gillette's wage claims, which are, as the Court concluded above, preempted by the LMRA. (Mot. at 18-19.)

As a general rule, "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." Rojo v. Kliger, 52 Cal. 3d 65, 79 (1990) (citations omitted). Thus, the Labor Code provides an exclusive statutory remedy. Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1010 (N.D. Cal. 2007); In re

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007).

Accordingly, the Court dismisses the conversion claim because it is improper as a matter of law. The Court denies leave to amend.

**Second Cause of Action**: **Violation of 42 U.S.C. § 1981**

Section 1981 "prohibits discrimination in the 'benefits, privileges, terms and conditions' of employment." Surrell v. California Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)).

Stater Bros. argues that Gillette fails to state a claim for discrimination because she does not plead a prima facie case of discrimination under the framework developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). (Mot. at 20.) In response, Gillette argues that she is not required to plead the McDonnell Douglas factors. (Opp'n at 16.) Gillette is right: Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), governs complaints in section 1981 discrimination actions. "In order to survive a Rule 12(b)(6) motion to dismiss, a complaint asserting a claim for employment discrimination pursuant to 42 U.S.C. § 1981 must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." Maduka v. Sunrise Hosp., 375 F.3d 909, 911-12 (9th Cir. 2004) (internal citations and quotation marks omitted).

Gillette alleges that she is Latina and that she was subjected to discrimination, harassment, and retaliation because of it. (FAC ¶ 10.) She also claims that co-workers and supervisors called her derogatory names based on her race. (Id. ¶¶ 18, 48.) Further, she alleges that she "was not treated at work the same way White citizens were treated" and that the statements made by Stater Bros. employees "about her last name show a racial animus" against her. (Id. ¶ 48.)

These allegations meet the pleading standard for this cause of action. Accordingly, the Court declines to dismiss this claim.

**Third Cause of Action: Violation of California Civil Code § 51.7 (the Ralph Act)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

California's Ralph Act provides in relevant part that:

All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

Cal. Civ. Code § 51.7.

Stater Bros. argues that Gillette's FAC contains "conclusory language that she suffered from acts of discrimination, but such allegations are not self-explanatory." (Mot. at 22.) Gillette's Opposition includes lengthy block quotes to case citations that are not relevant to her argument. (See Opp'n at 18-21.)

Looking to Gillette's FAC, she alleges that she suffered from actions by Stater Bros. employees that "were directly related to her status as a Latina." (FAC ¶ 57.) The only incident alleged in her FAC that involves violence or intimidation is that on or about July 3 or 4, 2008, a fellow store employee "shoved a pallet jack against [Gillette] on the wall of the dock." (Id. ¶ 13.) However, Gillette does not sufficiently connect this incident with the discrimination she alleges. Accordingly, the Court dismisses her third cause of action, with leave to amend.

**Fourth Cause of Action: Violation of California Civil Code § 52.1 (the Tom Bane Civil Rights Act)**

California's Bane Act provides in relevant part that:

Whenever a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(a). The Bane Act further provides that any person subjected to the above-described conduct may bring a civil action on his or her own behalf. Cal. Civ. Code § 52.1(b).

Gillette claims she was discriminated against in violation of Civil Code § 52.1. (Opp'n at 22.) However, her Opposition contains lengthy block quotes to cases irrelevant to Stater Bros.' arguments about why this cause of action should be dismissed. Stater Bros. argues that Gillette uses "conclusory language that [it] deprived [her] of her statutory rights," without alleging "any interference that was accompanied by actual or attempted threats, intimidation, or coercion." (Mot. at 22-23.)

The Court agrees; Gillette has not alleged facts sufficient to make out a claim under this statute. Accordingly, the Court dismisses Gillette's fourth cause of action, with leave to amend.

### Fifth Cause of Action: Violation of California Civil Code § 54 (the Disabled Persons Act)

California Civil Code § 54(a) provides, "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."

Gillette pleads no facts demonstrating that she was denied the full and free use of Stater Bros. property. Accordingly, the Court dismisses her fifth cause of action, with leave to amend.

### Sixth Cause of Action: Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Cochran set a high standard for evaluating whether conduct is sufficiently outrageous. In order fulfill the first element, the conduct alleged "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community," and "mere insults, indignities, [and] threats" do not suffice. Cochran, 65 Cal. App. 4th at 494 and 496.

Stater Bros. contends that Gillette has not alleged facts sufficient to demonstrate extreme or outrageous conduct, or that it had the intent to cause Gillette emotional distress. (Mot. at 24.) Gillette's Opposition includes lengthy block quotes concerning this tort without connecting them to any specific, non-conclusory facts in her FAC. (Opp'n at 22-24.)

The Court finds that although Gillette has sufficiently alleged that she suffered from extreme emotional distress, she has not sufficiently alleged that Stater Bros. intended to cause such distress, or was reckless in doing so. Accordingly, the Court dismisses Gillette's sixth cause of action, with leave to amend.

### Tenth Cause of Action: Theft Under False Pretenses

Penal Code § 484(a) prohibits, inter alia, theft by false pretenses. Cal. Penal Code § 484(a). Theft by false pretenses is "the consensual but fraudulent acquisition of property from its owner." Bell v. Feibush, 212 Cal. App. 4th 1041, 1049 (2013). "Theft by false pretenses has three elements: '(1) a false pretense or representation, (2) the intent to defraud the owner of his or her property, and (3) the false pretense or representation materially influenced the owner to part with the property.'" Carrillo-Jaime v. Holder, 572 F.3d 747, 752 (9th Cir. 2009) (quoting People v. Levine, 2007 WL 4248775, at *10 (Cal. Ct. App. Dec. 5, 2007) ). To constitute theft by false pretenses, the owner must "give[ ] the property to the defendant ... intending the defendant or this other entity to become the unconditional and unrestricted owner." People v. Traster, 111 Cal. App. 4th 1377, 1387 (2003).

Gillette does not address this cause of action in her Opposition, but instead seems to have copy and pasted an argument from a brief in another case. (See Opp'n at 25-26.) The allegation in her FAC that Stater Bros. "[k]ept [her] pay for themselves" is not sufficient to state a claim for false pretenses: she does not allege that Stater Bros.

Case 5:19-cv-01292-SB-KK   Document 20   Filed 09/23/19   Page 15 of 17   Page ID #:1089

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
|---|---|---|---|
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

obtained her wages by theft or knew that her wages had been obtained by theft. (FAC ¶ 96.) Accordingly, the Court dismisses Gillette's tenth cause of action, without leave to amend.

### Eleventh Cause of Action: Quantum Meruit

A plaintiff is "entitled to recover in quantum meruit for the value of services performed [for a defendant] to the extent [the plaintiff's] work conferred some benefit" on the defendant. Reich v. Cavalry Inv., LLC, 2010 WL 2509905, at *6 (E.D. Cal. June 17, 2010).

Gillette states that this cause of action "devolve [sic] around money expended," but does not otherwise explain or address this theory. (Opp'n at 26.) The FAC lacks specificity as to which allegations are relevant to this cause of action. Accordingly, the Court dismisses Gillette's eleventh cause of action, with leave to amend.

### Twelfth Cause of Action: Violation of California Business & Professions Code § 17200, et seq.

Gillette argues that Stater Bros. discriminated against her, and that discrimination constituted an unfair business practice, in violation of California's Unfair Competition Law. (Opp'n at 27-28.) In her FAC, Gillette alleges that Stater Bros. committed unlawful acts in violation of various statutes, which serves as a basis for this cause of action. (FAC ¶ 110.)

Because the Court declined to dismiss Gillette's second cause of action for discrimination in violation of 42 U.S.C. § 1981, this cause of action, which is necessarily derivative, may be maintained. Accordingly, the Court declines to dismiss Gillette's twelfth cause of action.

### C.    Motion to Strike

Stater Bros. asks that the Court strike Paragraph 109 of Gillette's FAC, which appears to seek injunctive relief. (Mot. at 8.)

The Court GRANTS Stater Bros.' motion to strike the portion of Gillette's FAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1292 JVS (KKx) | Date | September 23, 2019 |
| Title | Josefina Gillette v. Stater Bros. Markets, Inc. | | |

that notes that "California Business & Professions Code § 17204 provides for suits for injunctive relief to be brought by both public officials and private attorneys general." (FAC ¶ 109.) The Court agrees that as a former employee, Gillette lacks standing to seek this form of relief. In any case, Gillette does not mention injunctive relief in her prayer for relief.

### D.     Leave to Amend

A party may amend its pleading with the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

The Court grants Gillette leave to amend her third, fourth, fifth, sixth, and eleventh causes of action.

The Court denies Gillette leave to amend her seventh, eighth, ninth, and tenth causes of action, because amendment "would be an exercise in futility." Steckman, 143 F.3d at 1298.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1292 JVS (KKx)                    Date  September 23, 2019

Title  Josefina Gillette v. Stater Bros. Markets, Inc.

                                                                          :       0
                                        Initials of Preparer    lmb