UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1292-JVS (KKx)** | Date: | April 16, 2020 |
| Title: | *Josefina Gillette v. Stater Bros. Markets, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order Granting Defendant's Motion to Compel [Dkt. 34]**

On March 13, 2020, Defendant Stater Bros. Markets ("Defendant") filed a Motion to Compel Initial Disclosures ("Motion to Compel") seeking an order compelling Plaintiff Josefina Gillette ("Plaintiff") to serve initial disclosures and prohibiting Plaintiff from using the information or witnesses required in the initial disclosure to supply evidence on a motion, at a hearing, or at trial, and for reasonable attorney's fees of $2,600.00 incurred in bringing the instant Motion to Compel. ECF Docket No. ("Dkt.") 34.  On March 27, 2020, Plaintiff filed an Opposition on the grounds she had served initial disclosures by e-mail on August 8, 2019 and seeking reasonable attorney's fees of $1,125.00 incurred in opposing the Motion to Compel.  Dkt. 36.  On April 3, 2020, Defendant filed a Reply seeking an order compelling Plaintiff to "properly" serve supplemental initial disclosures.  Dkt. 37.  For the reasons set forth below, Defendant's Motion to Compel is GRANTED and Defendant's request for fees is GRANTED IN PART.

**I.
BACKGROUND**

On June 21, 2017, Plaintiff filed a Complaint against Defendant in San Bernardino County Superior Court arising out of her employment by Defendant.  Dkt. 1-1.

On June 7, 2019, Plaintiff filed a First Amended Complaint ("FAC").  Dkt. 1-2.

On July 12, 2019, Defendant removed the action to this Court.  Dkt. 1.  On July 19, 2019, Defendant filed a Motion to Dismiss the FAC.  Dkt. 11.

On August 8, 2019, Plaintiff's counsel e-mailed Plaintiff's initial disclosures to Defendant's counsel.[1] Dkt. 36 at 3, Declaration of Moises A. Aviles ("Aviles Decl."), ¶ 2, Exs. A, B.

On August 9, 2019, the parties filed a Joint Report pursuant to Federal Rule of Civil Procedure 26(f). Dkt. 17.

On September 23, 2019, the Court granted in part and denied in part Defendant's Motion to Dismiss the FAC and allowed Plaintiff an opportunity to file an amended complaint. Dkt. 20.

On October 21, 2019, Plaintiff filed the operative Second Amended Complaint ("SAC") for (1) Violation of the Fair Employment and Housing Act (FEHA): (2) Violation of 42 U.S.C. § 1981; (3) Violation of California Civil Code § 51.7 (the Ralph Act); (4) Violation of California Civil Code § 52.1 (the Tom Bane Civil Rights Act); (5) Violation of California Civil Code § 54 (the Disabled Persons Act); (6) Intentional Infliction of Emotional Distress; (7) Quantum Meruit; and (8) Violation of California Business & Professions Code § 17200, et seq. Dkt. 21. Plaintiff alleges she was subjected to discrimination, harassment, and retaliation on the basis of one or more of the following: "being a Latina, female gender, being age 40 and over, disability [physical or mental], and religion, including religious dress and grooming practices." Id., ¶ 10.

On January 24, 2020, the Court granted in part and denied in part Defendant's Motion to Dismiss and dismissed Plaintiff's first, third, fourth, and seventh causes of action without leave to amend. Dkt. 28.

On January 31, 2020, the Court granted the parties' Joint Stipulation for Trial Schedule, which set February 21, 2020 as the "last day for initial disclosures pursuant to FRCP Rule 26." Dkt. 31.

On February 21, 2020, Defendant served its initial disclosures. Dkt. 34-2, Declaration of Brendan W. Brandt ("Brandt Decl."), ¶ 4.

On February 26, 2020, Defendant's counsel attempted to call Plaintiff's counsel regarding Plaintiff's failure to serve initial disclosures, but Plaintiff's counsel did not answer the phone and Defendant's counsel was unable to leave a voicemail. Id., ¶ 5. Also on February 26, 2020, Defendant's counsel emailed and mailed a meet and confer letter to Plaintiff's counsel regarding Plaintiff's failure to serve initial disclosures. Id., ¶ 6, Ex. A. Plaintiff's counsel did not respond to Defendant's counsel's email or letter. Id., ¶ 7.

On March 13, 2020, Defendant filed the instant Motion to Compel. Dkt. 34. On March 27, 2020, Defendant filed a two-page Opposition with a declaration in support. Dkt. 36. The following two sentences are the entirety of Plaintiff's Opposition to the Motion to Compel and the remainder of the Opposition is devoted to seeking fees for filing the Opposition: "On August 8, 2019, Plaintiff already served her Initial Disclosures. (Declaration of Moises A. Aviles, ¶___ [sic].) Defendant cannot say that it didn't receive the disclosures." Dkt. 36 at 1. On April 3, 2020, Defendant filed a

---

[1] Plaintiff's counsel also states he "later served" Plaintiff's Initial Disclosures but does not state when they were served and has not provided a copy of a proof of service. See Aviles Decl., ¶ 2.

Reply arguing the initial disclosures were never properly served because Defendant did not agree to electronic service and, alternatively, Plaintiff should be ordered to serve supplemental disclosures because "the scope of this case has changed significantly" since August 8, 2019.  Dkt. 37.

## II.
## DISCUSSION

### A.     APPLICABLE LAW

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26 advisory committee notes (2015 amendments); Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016).  Moreover, "Rule 1 . . . emphasize[s] that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."  Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  "Relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Pursuant to Rule 26(a)(1)(A):

> a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information-- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(iii). Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(a)(1)(C). "Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served." Fed. R. Civ. P. 26(a)(4).

"A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E). In addition, "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1).

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

**B.   ANALYSIS**

Here, Plaintiff failed to properly serve her initial disclosures. Federal Rule of Civil Procedure 5 permits service of documents via email only when the receiving party consented in writing to service by electronic means. Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by: . . . sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing . . . ."). There is no evidence Defendant agreed to accept service by electronic means. Therefore, Plaintiff's delivery of the initial disclosures by email did not comply with the requirements for effective service under Federal Rule of Civil Procedure 5. Defendant also argues it assumed Plaintiff's disclosures were only a draft because they were "in Word format (rather than a PDF)" and were not accompanied by a proof of service.[2] Dkt. 37 at 4. In any event, Plaintiff's counsel could have easily remedied any misunderstanding or confusion by simply responding to Defendant's counsel's February 26, 2020

---

[2] Defendant's Reply cites an inapplicable section of the Court's Local Rules for its position that a proof of service is required to accompany service of discovery papers. Dkt. 37 at 4 (citing L.R. 5-3.1.1). Local Rule 5-3.1.1 applies to "[d]ocuments presented to the Clerk for filing or lodging in paper format." L.R. 5-3.1.1.

(continued . . . )

telephone calls, email, or letter.  Instead, Plaintiff's counsel chose not to respond, or meet and confer as required by the Local Rules, thus, necessitating this Court's intervention.  Hence, Defendant's Motion to Compel is GRANTED.[3]

**C.    REQUESTS FOR ATTORNEY'S FEES**

Pursuant to Federal Rule of Civil Procedure 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).  The Advisory Committee Notes describe this exclusion sanction as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ."  Fed. R. Civ. P. 37 advisory committee's note (1993); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (finding "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)" even without a prior court order).

In addition, the failure of any counsel to comply with or cooperate in conducting a pre-filing conference of counsel or preparation of a joint stipulation pursuant to Local Rules 37-1 and 37-2 may result in sanctions.  L.R. 37-4.

Here, Plaintiff failed to timely serve initial disclosures and blatantly failed to respond to Defendant's counsel's requests to meet and confer.  Nevertheless, Plaintiff disclosed the information required by Rule 26(a) on August 8, 2019 and Defendant has acknowledged receipt of those disclosures.  Plaintiff's failure to timely serve her initial disclosures is, therefore, harmless and sanctions are not warranted under Rule 37(c)(1).

Plaintiff's failure to respond to Defendant's meet and confer efforts, however, resulted in Defendant having to file the instant Motion to Compel.  Hence, Plaintiff's violation of the Local Rules resulted in both unnecessary fees incurred by Defendant and an unnecessary expenditure of judicial resources.  Defendant's counsel states Mr. Neufeld spent 4 hours to prepare the instant Motion to Compel at an hourly rate of $275.  See Brandt Decl., ¶ 8.  The Court finds four hours is a reasonable amount of time to have spent on this Motion to Compel.  Plaintiff's counsel shall, therefore, pay to Defendant the sum of $1,100.00 for four hours of Mr. Neufeld's time to prepare the Motion to Compel pursuant to Local Rule 37-4.  Id.

---

[3] Defendant appears to argue in its Reply that supplemental disclosures are required in light of how the case has developed since August 8, 2019.  Dkt. 37.  The Court declines to order Plaintiff to supplement her initial disclosures at this time, but Plaintiff is reminded of her obligation to timely supplement her disclosures as appropriate.  See Fed. R. Civ. P. 26(e)(1).

III.
CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is GRANTED.  Plaintiff shall serve her initial disclosures **no later than May 7, 2020**.  In addition, Plaintiff's counsel, Moises Alcides Aviles, shall pay the sum of $1,100.00 to Defendant **within sixty (60) days of the date of this Order**.

The Court strongly admonishes the parties to comply with their "shared responsibility . . . to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts."  Salazar, 2016 WL 736213, at *2.  The Court further cautions the parties that an award of reasonable expenses to the prevailing party are generally mandatory where a motion to compel discovery is granted, or denied in its entirety.  Fed. R. Civ. P. 37(a)(5)(A) and (B).