JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:19-cv-01292-SB (KKx) | Date: | December 21, 2020 |
|---|---|---|---|

| Title: | *Josefina Gillette v. Stater Bros. Markets, Inc.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 46)**

This case was transferred to this Court from the Honorable James V. Selna on September 25, 2020. (Dkt. No. 64.) Due to clerical error, Judge Selna posted a tentative ruling on September 28, 2020, found in full below ("Appendix"), granting the summary judgment motion filed by Stater Bros. (Dkt. No. 46.) This Court has engaged in an independent review of the motion and Plaintiff's late-filed opposition and statement of genuine disputes. In sum, the Court concurs that summary judgment is warranted and adopts the tentative ruling as supplemented and modified below.

*First*, the Court has reviewed Plaintiff's late-filed opposition (Opp., Dkt. No. 62) and statement of genuine issues of fact for trial. (SGI, Dkt. No. 61.) Even if considered, Plaintiff's opposition and statement of genuine issues do not raise any material factual disputes that preclude granting summary judgment.

*Second*, Stater Bros. raised a statute-of-limitations defense in response to Plaintiff's 42 U.S.C. § 1981 and Intentional Infliction of Emotional Distress (IIED) claims. (*See* Mot., Dkt. No. 46-1 at 16, 18.) A section 1981 claim has a four-year statute of limitations. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004). An IIED claim has a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1.

<u>Section 1981 Claim</u>. Although the tentative ruling does not grant summary judgment on the § 1981 claim based on the statute of limitations, the claim is time barred. Plaintiff relies on two incidents of alleged discrimination in support of her section 1983 claim: (1) a 2008 incident involving a pallet jack that purportedly was shoved into her; and (2) a 2010 incident involving race-related name calling (e.g., calling her "Navarro" and "Gilletto"). (*See* Defendants' Statement of Uncontroverted Facts and Conclusions of Law ("SUF"), Dkt. No. 46-2, No. 13; *see also* SAC, Dkt. No. 21, Ex. M; SAC ¶ 55.)[1]

There is no genuine dispute that the pallet incident occurred in 2008. In her deposition, Plaintiff testified that she transferred from the Stater Bros. store in Redlands, California in 2008 because of that incident. (Gillette Depo. 57:12-21, Ex. E – 290; *see also* SAC, at 151, Dkt. No. 21, Ex. A (report filed by Plaintiff with Redlands Police Department about the pallet incident on July 5, 2008).) There is also no dispute that the name-calling incident occurred in 2010. In her deposition, Plaintiff repeatedly confirmed that the name calling occurred that year. (Gillette Depo. 168:15 – 172:1.) In opposing this motion, Plaintiff offers no facts to dispute when this incident occurred. (SUF No. 25 ("Plaintiff [does] not have known facts to dispute or not to dispute the alleged fact.").) Thus, Plaintiff's section 1981 claim is time barred.

<u>IIED Claim</u>. The IIED claim may not rely on the 2008 pallet incident because it falls outside the two-year limitations period. But Plaintiff's IIED claim is also based on an alleged denial of religious accommodation by failing to give her time off from work. Stater Bros. argues that Plaintiff's IIED claim is time barred because it is based on events that occurred in 2007 and 2008. (Mot. at 18.)

---

[1] Stater Bros. stated that Plaintiff suffered no adverse employment action based on race. (SUF. No. 13.) In response, Plaintiff claims she "suffered many acts of discrimination," and cites to two sections of her depositions—one involving the 2008 pallet jack incident (Gillette Depo., Ex. E – 290, lines 21-25) and the other involving the 2010 name-calling incident (*id*. at 312, lines 2-22).

Plaintiff has presented evidence that she was denied time off (a) to observe the Sabbath (on Saturdays) from 2008 to 2014 and (b) to observe Sukkot in September 2015.  (*See* SAC, Exs. H, L – N.)  Plaintiff's claim that she was not provided accommodation to observe the Sabbath through 2014 is barred by the two-year statute of limitations because her initial complaint was filed on June 21, 2017.  (Gillette Depo. 144:11-17, Ex. E – 304 (admitting that she was "accommodated" because another employee switched weekend days with her); *see also* SAC, Ex. N).  However, Plaintiff's IIED claim based on the denial of a religious accommodation to observe Sukkot in September 2015 falls within the two-year limitation period.  Nevertheless, this IIED claim fails for another reason, discussed below.

*Third*, Plaintiff's IIED claim for denying her time off for Sukkot fails on the merits because Plaintiff has neglected to produce evidence that Stater Bros. intended to cause her emotional distress.

The evidence produced by Plaintiff in support of this claim is vague.  A handwritten document, presumably written by Plaintiff, seems to describe her request for time off from September 27, 2015 to October 5, 2015. (SAC, Ex. H – 134.)   She first spoke with a manager ("Keller"), who declined her request "[d]ue to New Year After your Anavarsity [sic] Date work." (*Id*.)  She then asked the manager to "be reasonable" and allow her time off on September 27-29; and the manager agreed to allow her to take time off on September 27 and 28.  (*Id*.)  Subsequently, when Plaintiff called the store where she worked, an "assistant" ("Teresa Rury") told her to come in to work.  (*Id*.)  Plaintiff responded that she was already "in the mountains [for the] religious holy week [of] Sukkot," and that "Garth" had agreed to give her time off.  (*Id*.)

From this evidence it is not clear whether—or at least the extent to which—Stater Bros. neglected to accommodate her request.  It appears that Plaintiff negotiated with a manager for time off, and that the manager agreed to grant the request in part.  The reason the manager denied the full request is unclear (apparently having something to do with an anniversary date).  Such vague evidence is not sufficient to raise a triable issue of material fact to show that Stater Bros. intended to emotionally harm Plaintiff by not fully granting her request for time off.  *See Angle v. Miller*, 673 F.3d 1122, 1134 (9th Cir. 2012) (finding affidavits "too vague, conclusory and speculative to create a triable issue").

Accordingly, the motion for summary judgment is granted.

# APPENDIX

# TENTATIVE Order Regarding Motion for Summary Judgment

Defendant Stater Bros. Markets, Inc. ("Stater Bros.") filed a motion for summary judgment or, in the alternative, partial summary judgment. Mot., Dkt. No. 46-1. Plaintiff Josefina Gillette ("Gillette") did not oppose the motion. See Notice, Dkt. No. 50. The Court notes that it granted Gillette's request to continue the due date for her opposition. Dkt. No. 54. Nevertheless she still did not file an opposition.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

### A. Factual Background

Stater Bros. is a retail grocery chain with over 172 store locations throughout Southern California. Gillette is an employee of Stater Bros. Stater Bros.' Statement of Uncontroverted Facts ("SUF"), ¶ 1. Gillette was hired as a Courtesy Clerk at Stater Bros.' store #173 in Beaumont, California on September 30, 2005. Id. Gillette is currently still employed for Stater Bros. and works at store #23 in Yucaipa, California. Id., ¶¶ 2,3.

Gillette is a Latina and an adherent of the Messianic Jewish faith. See Exhibit I, Dkt. No 1; see also Second Amended Complaint ("SAC"), ¶ 3. Gillette alleged that she was subjected to discrimination, harassment, and retaliation by Stater Bros due to: being a Latina, being female, being over age 40, having a disability, and practicing her religion (including religious dress and grooming practices). See SAC, ¶ 10. Gillette also alleged that she was assaulted and denied medical treatment for her injures. Id., ¶ 14. Finally, Gillette alleged that she had to receive psychiatric treatment because of the alleged incidents. Id., ¶ 13.

On or about July 3 or 4, 2008, a fellow store employee shoved a pallet jack against Gillette on the wall of the dock. See Exhibit A, Dkt. No 1. Gillette filed a police report with the Redlands Police Department concerning this incident on July 5, 2008. Id.

In August 2008, Gillette was transferred from Stater Bros.' Beaumont location to another Stater Bros. grocery store in Yucaipa, CA. SUF ¶¶ 1,3. She

requested time to attend religious services, but those requests were denied. Exhibit H, Dkt. No. 1.

On April 27, 2015, Gillette was given a "Notice of Indefinite Suspension." Exhibit C, Dkt. No. 1. Gillette sought psychiatric help for the stress from the events described in her complaint. Exhibit D, Dkt. No. 1; Exhibit E, Dkt. No. 1. Gillette obtained a letter from her therapist stating that she suffered from post-traumatic stress disorder. Id. She also obtained a letter recommending that she not work on Saturdays for religious reasons. Exhibit G, Dkt. No. 1. Gillette submitted a letter from her Pastor explaining what holy days she observes. Exhibit I, Dkt. No. 1.

Gillette also submitted a letter from her doctor stating that she is not supposed to lift more than 35 pounds. Exhibit J, Dkt. No. 1. In 2016, Gillette filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). Exhibit L, Dkt. No. 1. She obtained a right to sue letter on June 10, 2016. Exhibit K, Dkt. No. 1.

### B. Procedural Background

On or about June 21, 2017, Gillette commenced an action in the Superior Court for the State of California, County of San Bernardino. See Exhibit A, Dkt. No. 1. Gillette's complaint asserted six causes of action against Stater Bros., for: (1) Violations of the California Fair Employment and Housing Act (FEHA); (2) Violation of 42 U.S.C. § 1981; (3) Violation of California Civil Code § 51 (the Unruh Act); (4) Violation of California Civil Code § 51.7 (the Ralph Act); (5) Violation of California Civil Code § 54 (the Disabled Persons Act); and (6) Intentional Infliction of Emotional Distress. See id.; see also Decl., B. Brandt, ¶ 2.

On or about March 22, 2019, Stater Bros. filed a Demurrer to Gillette's Complaint in the Superior Court for the State of California, County of San Bernardino. See Decl., B. Brandt, ¶ 3. On May 8, 2019, the Superior Court for the State of California, County of San Bernardino, ruled on the Demurrer as follows: (1) the first cause of action was sustained with leave to amend, (2) the second cause of action was overruled; (3) the third cause of action was sustained without leave to amend; (4) the fourth cause of action was sustained with leave to amend; (5) the fifth cause of action was sustained with leave to amend; and (6) the sixth cause of action was overruled. Id.

On or about June 7, 2019, Gillette filed a First Amended Complaint ("FAC") in the Superior Court for the State of California, County of San Bernardino. Id., ¶ 4. The FAC asserted twelve causes of action against Stater Bros. for: (1) Violation of the Fair Employment and Housing Act (FEHA); (2) Violation of 42 U.S.C. § 1981; (3) Violation of California Civil Code § 51.7 (the Ralph Act); (4) Violation of California Civil Code § 52.1 (the Tom Bane Civil Rights Act); (5) Violation of California Civil Code § 54 (the Disabled Persons Act); (6) Intentional Infliction of Emotional Distress; (7) Violation of Labor Code § 227.3 (vacation time not paid); (8) Violation of Labor Code § 510 (overtime not paid); (9) Conversion; (10) Theft Under False Pretenses; (11) Quantum Meruit; and (12) Violation of California Business & Professions Code § 17200 *et seq.* Id.

On July 12, 2019, Stater Bros. filed a notice of removal from the Superior Court for the State of California, County of San Bernardino to the United States District Court, Central District of CA. See Notice, Dkt. No. 1.

On July 19, 2019, Stater Bros. filed a motion to Dismiss and/ or Strike Gillette's FAC in the United States District Court, Central District of CA. See Mot., Dkt. No. 11-1. On or about September 23, 2019, this Court ruled on the Motion to Dismiss the FAC as follows: (1) the first cause of action was dismissed with leave to amend; (2) the seventh and eighth causes of action were dismissed without leave to amend; (3) the ninth cause of action was dismissed without leave to amend; (4) the Court declined to dismiss the second cause of action; (5) the third, fourth, fifth, and sixth causes of action were dismissed with leave to amend; (6) the tenth cause of action was dismissed without leave to amend; (7) the eleventh cause of action was dismissed with leave to amend; and (8) the Court declined to dismiss the twelfth cause of action. See Order, Dkt. No. 20. The Court also granted Stater Bros.' motion to strike the portion of the FAC that appeared to seek injunctive relief in Paragraph 109 of the FAC. Id.

On October 21, 2019, Gillette filed a SAC in the United States District Court, Central District of California. See Complaint, Dkt. No. 21. The SAC asserts eight causes of action against Stater Bros. for: (1) Violation of the Fair Employment and Housing Act (FEHA); (2) Violation of 42 U.S.C. § 1981; (3) Violation of California Civil Code § 51.7 (the Ralph Act); (4) Violation of California Civil Code § 52.1 (the Tom Bane Civil Rights Act); (5) Violation of California Civil Code § 54 (the Disabled Persons Act); (6) Intentional Infliction of Emotional Distress; (7) Quantum Meruit; and (8) Violation of California Business & Professions Code § 17200 *et seq.* Id.

On November 1, 2019, Stater Bros. filed a Motion to Dismiss and/or Strike the SAC in this Court. See Mot., Dkt. No. 22. On or about January 24, 2020, this Court ruled on the Motion to Dismiss the SAC as follows: (1) the first cause of action was dismissed without leave to amend; (2) the third cause of action was dismissed without leave to amend; (3) the fourth cause of action was dismissed without leave to amend; (4) the Court declined to dismiss the fifth cause of action; (5) the Court declined to dismiss the sixth cause of action; and (6) the Court dismissed the Court's seventh cause of action without leave to amend. See Order, Dkt. No. 28. The Court also granted Stater Bros.' motion to strike the portion of the SAC that appeared to seek injunctive relief in Paragraph 99 of the SAC. Id.

Based on the Court's Orders on Stater Bros.' Motions to Dismiss and/or Strike the FAC and SAC, only the four following causes of action remain: (1) Gillette's second cause of action for violation of 42 U.S.C. § 1981; (2) Gillette's fifth cause of action for violation of California Civil Code § 54 (the Disabled Persons Act); (3) Gillette's sixth cause of action for Intentional Infliction of Emotional Distress; and (4) Gillette's eighth cause of action for violation of California Business & Professions Code § 17200 *et seq.* See SUF, ¶ 7. Stater Bros. filed the present motion for summary judgment or, in the alternative, for partial summary judgment on July 20, 2020. See Mot., Dkt. No. 46–1.

On August 5, 2020, Stater Bros. filed a notice informing the Court that Gillette had not filed an opposition to the motion for summary judgment. See Notice, Dkt. No. 50. On August 17, 2020, Gillette filed an ex parte application to continue Stater Bros.' motion for summary judgment due to a toothache and emotional distress. See Application, Dkt. No. 51. The Court granted a continuance on August 18, 2020 an extended the deadline for Gillette to file her opposition to Stater Bros.' motion for summary judgment until September 11, 2020. See Order, Dkt. No. 54. Gillette has not, as of the date of this order, filed a motion in opposition to Stater Bros.' motion for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell

Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][2] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

A motion for summary judgment may "may not be granted solely based on the failure to file an opposition." L.R. 7-12; Cristobal v. Siegel, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (an unopposed motion may be granted only after a determination that there are no material issues of fact). The court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See James v. Home Depot, U.S.A., Inc., 2010 WL 11596186, at *2 (C.D. Cal. Nov. 8, 2010) (citing to Martinez v. Stanford, 323 F.3d 1178, 1184 (9th

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion."  L.R. 56-3.

[2] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

Cir. 2003)); <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 949-50 (9th Cir. 1993); <u>Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995), as amended (Jan. 27, 1995).

### III. DISCUSSION

The Court will address Gillette's four claims in turn.

### A. 42 U.S.C. § 1981

Gillette alleges that Stater Bros. violated 42 U.S.C. § 1981. <u>See</u> SUF, ¶ 8. Specifically, Gillette alleges that she was subject to discrimination, harassment, and retaliation because of her race and that she was treated differently than Stater Bros.' white employees. <u>See</u> SUF, ¶¶ 9, 10. Gillette further alleges that she was called names based on her race, including "Navarro" and "Gilletto." <u>Id.</u>, ¶ 11.

In pertinent part, § 1981 guarantees that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines "make and enforce contract" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." <u>Id.</u> § 1981(b). Thus, § 1981 forbids intentional, race-based discrimination in the making of both public and private contracts. <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 (9th Cir. 1989); <u>Karim- Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 625 (9th Cir. 1988); <u>see also</u> <u>Gen. Bldg. Contractors Ass'n v. Pennsylvania</u>, 458 U.S. 375, 389 (1982) (section 1981 "reaches only purposeful discrimination").

To state a claim under § 1981, "a complaint must establish that: (1) a plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the making and enforcing of a contract." <u>Hung Duong Nguon v. Geragos</u>, No. CV 09-8912-PA (OP), 2011 WL 2173640, at *4 (C.D. Cal. Jan. 26, 2011) (citing <u>Morris v. Office Max, Inc</u>., 89 F.3d 411, 413 (7th Cir. 1996)).

Taking the evidence in the light most favorable to Gillette, the Court is satisfied that Gillette is a racial minority. <u>See</u> SUF, ¶ 9. However, Gillette has not presented evidence sufficient to rebut Stater Bros.' evidence that there was no

CV-90 (12/02)                              **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>VPC</u>

9

intent to discriminate on the basis of race or an inference that Stater Bros. has retaliated against her.

     As the moving party, Stater Bros had the initial burden of demonstrating that there is no genuine issue of material fact regarding each element of Gillette's claim. See Anderson, 477 U.S. at 256. Stater Bros. presented evidence that there was no intentional racial discrimination against Gillette by demonstrating that the company has policies prohibiting discriminatory conduct, including racial discrimination, in the workplace. See SUF, ¶¶ 4, 12. Stater Bros. has also submitted evidence indicating that Gillette received copies of these non-discrimination policies and signed and acknowledged that she read and received the policies when she was first hired. Id., ¶ 5. Moreover, Stater Bros. has submitted evidence that Gillette received the non-discrimination policies at least once a year. Id., ¶ 6. Notably, Stater Bros. also submitted the declaration of Jennifer Salse, Stater Bros.' Manager of Equal Employment Opportunity ("EEO") in support of the claim that Gillette has experienced neither adverse employment action nor differential treatment than similarly situated individuals based on her race. See Decl., J. Salse ¶ 6.

     Although the Court ruled in its order regarding Stater Bros.' Motion to Dismiss that Gillette's SAC adequately met the *pleading* standards to survive a motion to dismiss, Gillette has since failed to provide *evidence* to support her contention that there is a genuine dispute of material fact regarding her 42 U.S.C. § 1981 claim for summary judgment purposes. See Order, Dkt. No. 28. Gillette has not offered exhibits or declarations to rebut Stater Bros.' evidence that she has suffered either adverse employment action or differential treatment from similarly situated individuals who are outside of her race. See SUF, ¶¶ 13, 14. Moreover, when Stater Bros. requested that Gillette produce documents in support of her allegation that she suffered discrimination based on her race, Gillette merely produced the same exhibits attached to the SAC in her Response to Stater Bros' Request for Production of Documents. See SUF, ¶ 15. Within these documents, the only exhibit that could support Gillette's claim for racial discrimination seems to be Gillette's complaint to the Department of Fair Employment and Housing (DFEH). See Exhibit L, Dkt. No. 1. However, this Complaint does not mention race as one of the protected bases for which she was filing the complaint. Id; see also SUF, ¶ 16. Additionally, Gillette did not produce subsequent documents that support her claim that Stater Bros. violated 42 U.S.C. § 1981 at her deposition. See SUF, ¶ 17; see also Exhibit A to Decl. B. Brandt, Dkt. No. 46–8.

As a result of the lack of evidentiary support for Gillette's allegations in the SAC regarding racial discrimination, this Court finds that Gillette is unable to defeat Stater Bros.' motion for summary judgment on her claim under 42 U.S.C. § 1981.

Accordingly, the Court finds that Stater Bros.' papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. For this reason, the Court **GRANTS** summary judgment as to the 42 U.S.C. § 1981 claim.

### B. California Civil Code § 54 (the Disabled Persons Act)

Gillette alleges discrimination under California Civil Code § 54. California Civil Code § 54(a) provides,"[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." While "a designated public agency or an individual may initiate an action to *enforce compliance* with the handicapped access standards provided for by § 54, "to maintain an action for *damages* pursuant to section 54 et seq. an individual must take the additional step of establishing that he or she was denied equal access on a particular occasion." See Urhausen v. Longs Drug Stores California, Inc., 155 Cal. App. 4th 254, 262 (2007) (emphasis added).

Gillette does not allege that she was unable to shop at or ever denied access to Stater Bros.' stores as either a shopper or employee. See SUF, ¶¶ 30,31. In her deposition, Gillette stated that she has never been told she cannot shop at Stater Bros. or denied entry. See Exhibit E, Dkt. No. 46-8. Although Gillette alleged that her own "paranoia" prevented her from wanting to enter Stater Bros.' stores, her subjective sensation of perceived exclusion is insufficient to constitute the denial of equal access. See id. This Court, in its order regarding Stater Bros.' Motion to Dismiss, dismissed Gillette's California Civil Code § 54 claim with leave to amend because Gillette had not at the time plead any facts demonstrating that she was denied the full and free use of Stater Bros. property. See Order, Dkt. No. 28. Gillette has since failed to provided evidence to make such a showing.

Because Gillette has failed to produce any evidence that tends to support her claim that she was ever denied equal access to a Stater Bros.' store, this Court is unable to find the existence of a genuine dispute of material fact with respect to Gillette's California Civil Code § 54 claim. Accordingly, the Court finds that

Stater Bros.' papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. For this reason, the Court **GRANTS** summary judgment as to the California Civil Code § 54 claim.

### C. Intentional Inflection of Emotional Distress

Gillette next alleges that Stater Bros. is liable for intentional infliction of emotional distress. The tort of intentional infliction of emotional distress has three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Cochran set a high standard for evaluating whether conduct is sufficiently outrageous. In order to fulfill the first element, the conduct alleged "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community," and "mere insults, indignities, [and] threats" do not suffice. Cochran, 65 Cal. App. 4th at 494 and 496.

In ruling on this issue for summary judgment the Court will accept as true Gillette's allegations that she had a pallet jack shoved against her and that she was denied requests to have all Saturdays off to attend her church services. See Exhibit A, Dkt. No. 1; Exhibit H, Dkt. No. 1. The Court agrees that these allegations, particularly the one involving the pallet jack, could rise to the level of extreme and outrageous conduct. However, Gillette has failed to produce any evidence sufficient to suggest that Stater Bros.' conduct was intentional or reckless. See SUF, ¶ 37. Stater Bros. has produced evidence to suggest that their employees did not act with reckless disregard of the probability that Gillette would suffer emotional distress, which Gillette has failed to rebut. Id., ¶ 38. Moreover, in response to Stater Bros.' Request for Production of Documents that support Gillette's allegation of intentional infliction of emotional distress, Gillette simply produced the same exhibits attached to the SAC. See SUF, ¶ 37.

In dismissing this complaint with leave to amend, this Court found that Gillette had not sufficiently alleged that Stater Bros. intended to cause her emotional distress or acted recklessly in doing so. See Order, Dkt. No. 28. Gillette has failed to provide evidence sufficient to show that Stater Bros. acted recklessly or intentionally. Accordingly, the Court finds that Stater Bros.' papers are themselves sufficient to support the motion and do not on their face reveal a

genuine issue of material fact. For this reason, the Court **GRANTS** summary judgment as to Gillette's claim of intentional infliction of emotional distress.

### D. California Business & Professions Code § 17200 et seq

Finally, Gillette alleges a violation of the California Business & Professions Code § 17200 *et seq*. See SUF, ¶ 40. This claim is necessarily derivative of Gillette's cause of action for discrimination in violation of 42 U.S.C § 1981.

As noted above, Gillette has failed to come forward with evidence that she suffered any discrimination or differential treatment on the basis of race. Accordingly, the Court finds that Stater Bros. has carried its initial Celotex burden and its  papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. For this reason, the Court **GRANTS** summary judgment as to the California Business & Professions Code § 17200 *et seq* claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

**Effective immediately all oral arguments are VACATED.  The Court will continue to post tentatives in the afternoon of the Court day prior to the scheduled hearing (e.g., Friday afternoon for Monday hearings). Any party may file a request for hearing of no more than five pages no later than 5:00 p.m. the day following the scheduled hearing (e.g., Tuesday 5:00 p.m. for a Monday hearing) stating why oral argument is necessary. If no request is submitted, the matter will be deemed submitted on the papers and the tentative will become the order of the Court. If the request is granted, the Court will advise the parties when and how the hearing will be conducted. The Court asks for the parties' understanding and patience in these difficult times.**